**Zengmin WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1998–ag.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Frank R. Liu, New York, New York, for Petitioner.

Rosa Emilia Rodriguez–Velez, United States Attorney for the District of Puerto Rico, Nelson Perez–Sosa, Assistant United States Attorney, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zengmin Wang, a native and citizen of China, seeks review of the BIA's March 29, 2006 order denying his motion to reopen his removal proceedings. *In re Zengmin Wang*, No. A75 834 110 (B.I.A. March 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v.*

*DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Wang's motion. The regulations require an alien seeking to reopen removal proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and allow the filing of only one motion to reopen. 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Wang's March 2006 motion was untimely because the BIA issued its final order in April 2003. Moreover, as his third motion to reopen, it was also number barred. However, Wang argues that the BIA erred in denying his motion to reopen because he satisfied the "changed circumstances" exception to the time and numerical limitations of 8 C.F.R. § 1003.2(c)(2). Neither limitation applies where the motion is "based on changed circumstances arising in the country of nationality … if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Wang contends that his 2005 baptism into the Church of Jesus Christ of Latter–Day Saints constitutes changed country conditions. In his brief to this Court, Wang argues that his "personal circumstances have changed to such an extent that warrants a reopening of his removal proceedings." This argument evinces a misapprehension of the law. This Court has held that changes in an individual's personal circumstances do not equate to changed country conditions sufficient to exempt a motion to reopen from the time and numerical limitations. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child in the United States); *Jian Huan Guan v.*

*BIA,* 345 F.3d 47, 49 (2d Cir.2003) (same). Therefore, to the extent that the BIA denied Wang's motion because it was based on a change in personal circumstances, it did not abuse its discretion.

In addition to his changed personal circumstances, Wang also argues that changed country conditions in China merit reopening his case. Because Wang presented no such argument in his motion to reopen, ordinarily he would have failed to exhaust that claim and this Court would lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005). However, because the BIA addressed *sua sponte* whether the evidence Wang submitted established changed country conditions, this Court does not lack jurisdiction to review the claim. *See Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006) (citing *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994)).

Because Wang failed to appear at his original asylum hearing and was ordered removed *in absentia,* there is only a minimal record of proceedings below. As such, this case puts the Court in the awkward position of reviewing the BIA's finding with regard to "changed" country conditions where nothing in the record speaks to conditions as they existed at the time of the agency's original decision. Nevertheless, upon reviewing the record for any indication of a recent change in conditions, we find that Wang's evidence demonstrates instead a continuation of the status quo. Accordingly, we do not find that the BIA abused its discretion in concluding that Wang did not establish changed country conditions that would merit reopening his case.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).